# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ROBERT KARL GEYER JR,

      Plaintiff,

v.                                                                              CIV 20-0351 KBM

ANDREW SAUL,
Commissioner of Social Security,

      Defendant.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand with Supporting Memorandum (*Doc. 20*), filed on January 29, 2021. Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), the parties have consented to me serving as the presiding judge and entering final judgment. *See Docs. 3*; *15*; *16.* Having considered the record, submissions of counsel, and relevant law, the Court finds Plaintiff's motion is well-taken and will be granted in part.

**I.**      **Procedural History**

This is Plaintiff's second appeal. Mr. Robert Karl Geyer, Jr. (Plaintiff) filed an application with the Social Security Administration for Disability Insurance Benefits (DIB) under Title II of the Social Security Act on October 3, 2014. Administrative Record[1] (AR) at 169-70. Plaintiff alleged a disability onset date of May 12, 2008. AR at 169.

---

[1] Document 12-1 comprises the sealed Administrative Record. *See Doc. 12-1.* The Court cites the Administrative Record's internal pagination, rather than the CM/ECF document number and page.

Disability Determination Services determined that Plaintiff was not disabled both initially (AR at 84-93) and on reconsideration (AR at 94-104). Plaintiff requested a hearing with an Administrative Law Judge (ALJ) on the merits of his application. AR at 117-18. Both Plaintiff and a vocational expert (VE) testified during the *de novo* hearing. *See* AR at 34-83. ALJ Stephen Gontis issued an unfavorable decision on February 27, 2017. AR at 16-33. Plaintiff submitted a Request for Review of Hearing Decision/Order to the Appeals Council (AR at 164-68), which the Council denied on April 20, 2018 (AR at 1-6). Thus, the ALJ's decision became the final decision of the Commissioner. *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003).

Plaintiff appealed ALJ Gontis's decision to this Court. *See Geyer v. Berryhill*, Civ. No. 18-564 CG (D.N.M. June 18, 2018). Chief United States Magistrate Judge Carmen E. Garza granted Defendant's Unopposed Motion to Reverse and Remand for Further Administrative Proceedings Pursuant to Sentence Four of 42 U.S.C. § 405(g). *See Geyer*, Civ. No. 18-564, Order (D.N.M. Feb. 6, 2019). The Appeals Council remanded the matter to an ALJ for resolution of several issues: (1) "Obtain supplemental VE testimony regarding the Light RFC for which the VE only gave Sedentary jobs;" (2) "Determine extent to which the claimant's non-exertional limitations erode the light occupational base; and" (3) "Address a possible borderline [age] situation." AR 461; *see also* AR 511-13.

On December 18, 2019, ALJ Jeffrey Holappa held a second *de novo* hearing, at which both Plaintiff and another VE testified. AR at 477-503. ALJ Holappa then issued a second unfavorable decision on January 17, 2020. AR at 458-76. There is no evidence that Plaintiff asked the Appeals Council to review ALJ Holappa's decision, so the ALJ's

decision became the final decision of the Commissioner 60 days after January 17, 2020. Plaintiff then filed a suit in this Court seeking remand for a rehearing. *Doc. 1*.

II.     **Applicable Law and the ALJ's Findings**

A claimant seeking disability benefits must establish that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 20 C.F.R. § 404.1505(a). The Commissioner must use a sequential evaluation process to determine eligibility for benefits. 20 C.F.R. § 404.1520(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009).

The claimant has the burden at the first four steps of the process to show: (1) he is not engaged in "substantial gainful activity"; (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and (3) his impairment(s) meet or equal one of the listings in Appendix 1, Subpart P of 20 C.F.R. Pt. 404; or (4) pursuant to the assessment of the claimant's residual functional capacity (RFC), he is unable to perform his past relevant work (PRW). 20 C.F.R § 404.1520(a)(4)(i-iv); *see also Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005) (citations omitted). "RFC is a multidimensional description of the work-related abilities [a claimant] retain[s] in spite of [his] medical impairments." *Ryan v. Colvin*, Civ. 15-0740 KBM, 2016 WL 8230660, at *2 (D.N.M. Sept. 29, 2016) (citing 20 C.F.R. § 404, Subpt. P, App. 1 § 12.00(B); 20 C.F.R. § 404.1545(a)(1)). If the claimant meets "the burden of establishing a prima facie case of disability[,] . . . the burden of proof shifts to the Commissioner at step five to show

that" the claimant retains sufficient RFC "to perform work in the national economy, given his age, education, and work experience." *Grogan*, 399 F.3d at 1261 (citing *Williams v. Bowen*, 844 F.2d 748, 751 & n.2 (10th Cir. 1988)); *see also* 20 C.F.R. § 404.1520(a)(4)(v).

At Step One of the process,[2] ALJ Holappa found that Plaintiff "did not engage in substantial gainful activity since during the period from his alleged onset date of May 12, 2008 through his date last insured of December 31, 2011." AR at 463 (citing 20 C.F.R. §§ 404.1571-1576). At Step Two, the ALJ concluded that "[t]hrough the date last insured, [Plaintiff] had the following severe impairments: degenerative disc disease of the cervical spine, spinal stenosis, mild thoracolumbar scoliosis, status-post right rotator cuff and bicep tears, obesity, panic disorder without agoraphobia, major depressive disorder, and mood disorder." AR at 463 (citing 20 C.F.R. § 404.1520(c)). ALJ Holappa also noted that Plaintiff has "non-severe hypertension, obstructive sleep apnea, and periodic limb movement disorder." AR at 464.

At Step Three, the ALJ found that "[t]hrough the date last insured, [Plaintiff] did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." AR at 464 (citing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526). The ALJ determined that:

> [T]hrough the date last insured, [Plaintiff] had the [RFC] to perform light work as defined in 20 [C.F.R. §] 404.1567(b) except he can lift, carry, push, and pull up to 20 pounds occasionally and 10 pounds frequently. He can sit, stand, and walk up to six hours in an eight-hour day, but is limited to frequent climbing of ramps & stairs, but never climbing ladders or scaffolds, and

---
[2] ALJ Holappa first found that Plaintiff "last met the insured status requirements of the Social Security Act on December 31, 2011." AR at 463.

4

> occasional stooping, kneeling, crouching and crawling. [He] is also limited to frequent reaching with the right arm. He is further limited to occasional exposure to vibration or unprotected heights. Finally, [he] is limited to understanding, remembering, and carrying out simple, routine tasks, making simple work-related decisions, dealing with changes in a routine work setting, attending and concentrating for at least two-hour intervals, and frequent interactions with others including supervisors, co-workers, and the general public.

AR at 466. The ALJ determined that Plaintiff is incapable of performing his PRW but can perform the positions of marker, collator operator, and routing clerk. AR at 470-71. Ultimately, the ALJ found that Plaintiff "was not under a disability, as defined in the Social Security Act, from May 8, 2008, through December 31, 2011, the date last insured." AR at 29 (citing 20 C.F.R. § 404.1520(g)).

### III. Legal Standard

The Court must "review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005)). A deficiency in either area is grounds for remand. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161, 1166 (10th Cir. 2012) (citation omitted). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Lax*, 489 F.3d at 1084 (quoting *Hackett*, 395 F.3d at 1172). "It requires more than a scintilla, but less than a preponderance." *Id.* (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004) (alteration in original)). The Court will "consider whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases, but [it] will not reweigh the evidence or substitute [its] judgment for the

Commissioner's." *Id.* (quoting *Hackett*, 395 F.3d at 1172 (internal quotation marks omitted)).

"The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Id.* (quoting *Zoltanski*, 372 F.3d at 1200). The Court "may not 'displace the agenc[y's] choice between two fairly conflicting views, even though the [C]ourt would justifiably have made a different choice had the matter been before it de novo.'" *Id.* (quoting *Zoltanski*, 372 F.3d at 1200).

## IV. Discussion

Plaintiff contends that the following issues require reversal: (1) the ALJ erroneously failed to incorporate the moderate impairment in understanding, remembering, and following simple work instructions assessed by Robert Krueger, Ph.D. in the RFC finding; and (2) the ALJ did not properly consider Plaintiff's subjective statements pursuant to SSR 16-3p. *Doc. 21* at 11-19. The Court agrees that the ALJ failed to incorporate two of the moderate restrictions that Dr. Krueger assessed into the RFC determination and will remand on this basis.

### A. The ALJ failed to adequately incorporate two of the moderate limitations assessed by Dr. Krueger into the RFC or explain why he rejected them.

Plaintiff first argues that the ALJ erred in failing to incorporate all of the moderate mental limitations that Dr. Krueger assessed. *See Doc. 20* at 11-15. On referral of Disability Determination Services, Plaintiff saw Licensed Psychologist Dr. Krueger for a one-time psychological evaluation on July 1, 2009. *See* AR at 250-54. The evaluation consisted of a clinical interview with psychosocial history, a mental status examination,

6

and a review of documents. AR at 250. ALJ Holappa gave Dr. Krueger's findings "great weight" and noted that Dr. Krueger found, in relevant part, moderate limitations in Plaintiff's abilities to: (1) understand, remember, and follow simple work instructions; (2) maintain pace and persistence; and (3) adjust to changes in the work environment. *See* AR at 469. Plaintiff argues that because the ALJ gave these findings great weight, he erred by not incorporating them into the RFC or by not explaining why he rejected them. *Doc. 20* at 11-15.

The Commissioner responds that the ALJ *did* incorporate the limitations into the RFC. He asserts that the impairment in understanding, remembering, and following simple instructions is accounted for by the limitation to "simple, routine tasks"; the impairment regarding pace and persistence is accounted for by the limitation to "simple work-related decisions"; and the impairment in adjusting to changes is accounted for by the limitation to "dealing with changes in a routine work setting." *Doc. 22* at 12 (discussing AR at 466). Plaintiff flatly rejects this assertion in his reply brief. *See Doc. 24* at 2.

The ALJ identified only SVP-2-level jobs for Plaintiff, which are classified as unskilled work. Unskilled work requires the abilities to: (1) understand, remember, and carry out simple instructions; (2) make simple work-related decisions; (3) respond appropriately to supervisors, coworkers, and usual work situations; and (4) deal with changes in the routine work setting. *Nelson v. Colvin*, 655 F. App'x 626, 629 (10th Cir. 2016). With this in mind, the Court turns to Dr. Krueger's opined limitations.

First, the Court agrees with Plaintiff that a limitation to simple, routine tasks does not account for a moderate limitation in his ability to understand, remember, and follow

7

simple instructions. The court in *Chavez v. Berryhill* analyzed similar circumstances. No. 18-CV-0483 SMV, 2019 WL 1085169 (D.N.M. Mar. 7, 2019). There, the ALJ gave a medical provider's opinion significant weight. *Id.* at *4. The provider assessed moderate limitations in the claimant's ability to understand and remember very short and simple instructions. *See id.* at *3-4. The ALJ restricted the claimant to "simple, routine tasks" and identified only SVP-2-level jobs. *Id.* at *2, 9. The court found that the restriction to simple, routine tasks did not adequately account for the moderate limitations in the claimant's ability regarding simple instructions and remanded for further explanation. *Id.* at *9. Similarly, here, the ALJ gave great weight to Dr. Krueger's opinion but did not explain why the RFC did not account for the assessed moderate limitation in Plaintiff's ability to understand, remember, and follow simple instructions. Because the ability to understand, remember, and carry out simple instructions is necessary even for unskilled work, the ALJ's omission is legal error. *See id.*

Next, the ALJ's RFC did adequately account for the opined limitation on Plaintiff's ability to maintain pace and persistence. The Tenth Circuit has found that moderate limitations in concentration, persistence, and pace are sufficiently accounted for by a restriction to unskilled work. *See Vigil v. Colvin*, 805 F.3d 1199, 1203-04 (10th Cir. 2015); *see also Smith v. Colvin*, 821 F.3d 1264, 1269 (10th Cir. 2016); *Vialpando v. Berryhill*, No. CV 18-425 SCY, 2019 WL 1865205, at *5 (D.N.M. Apr. 25, 2019). The Court finds no error on this basis.

Finally, the Court agrees that the ALJ failed to explain how the RFC accounts for the moderate limitations in Plaintiff's ability to deal with changes in a routine work setting, another skill critical to unskilled work. *See* SSR 85-15, 1985 WL 56857, at *4

(Jan. 1, 1985); POMS § DI 25020.010(A)(3)(a); *see also Garcia v. Saul*, No. CIV 20-0097 KBM, 2020 WL 7642848, at *7 (D.N.M. Dec. 23, 2020); *Gonzales v. Colvin*, 213 F. Supp. 3d 1326, 1332 (D. Colo. 2016) (explaining that "an inability to adapt to changes in the workplace is inconsistent with the most fundamental demands of unskilled jobs")). Under similar circumstances in *Parker v. Commissioner*, the ALJ gave great weight to a provider's opinion that assessed moderate limitations in the claimant's ability to respond to changes in the usual work setting. 772 F. App'x 613, 616 (10th Cir. 2019). The Tenth Circuit observed that an ALJ "can sometimes account for mental limitations by limiting the claimant to particular kinds of work." *Id.* (citation omitted). As the RFC did not mention changes in the work setting, the Tenth Circuit found that the ALJ failed to account for this moderate limitation. *See id.* In this case, the ALJ simply parroted the requirement for unskilled work—that Plaintiff can "deal[] with changes in a routine work setting." AR at 466; SSR 85-15, 1985 WL 56857, at *4. This statement does not represent any kind of restriction on the basic mental demand for unskilled work, and the Court finds that the RFC does not incorporate the moderate limitation Dr. Krueger assessed. As the ALJ did not explain why he rejected this limitation, the Court finds reversible error.

The Commissioner argues that there is substantial evidence to support the ALJ's RFC assessment (*see Doc. 22* at 8-11, 18), but that is not the basis on which Plaintiff moves for remand. *See Parker*, 772 F. App'x at 617 (where claimant moved for remand because the ALJ "legally erred by failing to explain why" the RFC did not include certain mental limitations, the commissioner's argument that substantial evidence supported the RFC was unavailing). The Court is not restricted to a substantial evidence review

9

where there is evidence that the ALJ did not apply the proper legal standards. *See Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800-01 (10th Cir. 1991).

### B. The ALJ adequately evaluated Plaintiff's subjective symptoms under SSR 16-3p.

Plaintiff next contends that the ALJ failed to properly consider his subjective statements under SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017). *Doc. 20* at 15-19. Social Security Ruling 16-3p defines the two-step process an ALJ must use to evaluate a claimant's symptoms. SSR 16-3p, 2017 WL 5180304. At the first step, the ALJ "consider[s] whether there is an underlying medically determinable physical or mental impairment[] that could reasonably be expected to produce [the] individual's symptoms, such as pain." *Id.* at *3. At the second step, after the ALJ has found such an impairment, the ALJ "evaluate[s] the intensity and persistence of those symptoms to determine the extent to which the symptoms limit [the] individual's ability to perform work-related activities . . . ." *Id.*

> As part of the step two evaluation, the ALJ considers the record evidence, the claimant's statements, medical and non-medical source statements, and the non-exhaustive list of factors in 20 C.F.R. § [404].1529(c)(3), which include:
>
> 1. Daily activities;
> 2. The location, duration, frequency, and intensity of pain or other symptoms;
> 3. Factors that precipitate and aggravate the symptoms;
> 4. The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms;
> 5. Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms;
> 6. Any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
> 7. Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

*Ramirez v. Berryhill*, No. CIV 17-0781 KBM, 2018 WL 4915830, at *8 (D.N.M. Oct. 10, 2018) (quoting SSR 16-3p at *7-8).

ALJ Holappa discussed:

"Daily activities": ALJ Holappa observed that as of November 2014, Plaintiff "could drive a car, go out alone, shop in stores, pay his bills, help a friend's child with homework, and handle his accounts." AR at 465 (citing AR at 197-204). He also noted that Plaintiff "did not like being around lots of people, so he tried to do his shopping quickly." AR at 465 (citing AR at 197-204). The ALJ further recounted that Plaintiff denied trouble walking or climbing stairs, dressing, bathing, or doing errands alone. AR at 465 (citing AR at 610).

"Location, duration, frequency, and intensity of pain or other symptoms": The ALJ discussed Plaintiff's anxiety/panic attacks, severe and chronic pain, and limited movement (including his "history of neck and shoulder pain, rotator cuff tear, bicep tendon tear, and cervical degenerative disc disease"), and the limitations associated with these conditions. AR at 465. The ALJ noted that "[pain affects Plaintiff's] ability to sleep and that it wakes him up at night." AR at 467 (citing AR at 305, 349). He noted the weakness and chronic pain in Plaintiff's neck since 1987, as well as his shoulder pain. AR at 467-68 (citations omitted).

"Factors that precipitate and aggravate the symptoms": The ALJ observed that Plaintiff had shoulder pain with internal rotation. AR at 468 (citing AR at 322). He noted that Plaintiff had "worsening back pain after having to drive to Denver to pick his mother up" and later after picking up a heavy object. AR at 468 (citing AR at 367, 392).

"Type, dosage, effectiveness, and side effects of any medication": The ALJ found that Plaintiff's "blood pressure is under control with medications." AR at 464 (citations omitted). ALJ Holappa listed Plaintiff's medications as: gabapentin, Ambien, Flexeril, Percocet, Oxycodone, and opiates. AR at 467-68 (citations omitted). The ALJ noted Plaintiff's repeated reports that his pain was "under control with medications" and "better with his pain medications." *See, e.g.*, AR at 468 (citing AR at 329-439, 608-74). "In December 2016, [Plaintiff] continued to report clinical benefit from his medications." AR at 468 (citing AR at 610).

"Treatment other than medication" and "Any measures other than treatment an individual uses or has used to relieve pain or other symptoms": The ALJ discussed medical records from Beatrice Balsamo, PA, who "did not see that [he] was a good candidate for [cervical facet] injections" but noted that "was due to his resistance to any treatment other than surgery." AR at 467 (citing AR at 300, 326-27).

Plaintiff argues that the ALJ used boilerplate language to dismiss his alleged symptoms and failed to discuss a number of complaints and symptoms, including: limited daily activities; need to take breaks/nap; muscle spasms; pain-related sleeping problems; medication side effects; lack of energy; bloody stools; stomach aches; constipation; morphine usage; effects of prolonged standing/walking; regular/frequent contacts with doctors for pain control. *Doc. 20* at 16-19. The Court disagrees with at least two of these items, as the ALJ noted that Plaintiff has problems sleeping due to pain (AR at 467) and referred generally to morphine in noting that Plaintiff's pain was "stable with moderate dose of opiates" (AR at 468 (citing AR at 334)).

12

On balance, the Court finds that the ALJ adequately evaluated Plaintiff's statements pursuant to SSR 16-3p and summarized the record in light of Plaintiff's statements. The Court may not reweigh the record evidence; it may only review the ALJ's "decision to ensure that [he] applied the correct legal standard and that [his] findings are supported by substantial evidence." *Kayser v. Berryhill*, No. 16-cv-0978 SMV, 2017 WL 4857442, at *3 (D.N.M. Oct. 25, 2017) (citing *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996)). The Court finds that the ALJ's findings regarding Plaintiff's subjective complaints of his symptoms are supported by and linked to substantial evidence in the record. *See id.* at *4 (citing *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995)). Plaintiff's motion is denied on this issue.

## V.  Conclusion

Remand is warranted because the ALJ failed to either incorporate two of Dr. Krueger's assessed moderate limitations into the RFC or to explain why they were omitted.

Wherefore,

**IT IS ORDERED** that Plaintiff's Motion to Reverse and Remand with Supporting Memorandum (*Doc. 20*) is **GRANTED**.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent